May it please the Court, my name is Brian Suchita. I'm here on behalf of Mr. Burton, the Petitioner. If I may reserve a minute for rebuttal, Your Honor. Fine. Mr. Burton received a sentence 21 years longer than the statutory prescribed sentence based on facts not found by a jury. His sentence, we can No, you say a sentence that's longer than what? Than the statutory prescribed sentence. As the Court recalls, we filed a motion to enlarge the COA. What statute are you referring to when you say statutorily prescribed? Mr. Burton was sentenced here in the State of Washington. And we're referring to the Sentence Reform Act, which is the statutory scheme which mandated But doesn't that same statute provide for, you know, the exceptional sentence? It does. Why is it, how can you say it's beyond the statutory maximum when that same sentence is in the same statute? This is the same issue that's presently before the U.S. Supreme Court. It's a little bit different, isn't it? Exactly. Actually, they're exactly the same. It's Blakely v. Washington in which a the only difference is that Mr. Burton went to trial and Mr. Blakely pled guilty. The sentencing issue, and it is the subject of our motion to enlarge the COA, is exactly the same. It's exactly the same statutory framework. And the question before the Supreme Court was whether this was an apprendi violation. Let me ask you a few questions to make sure I understand. Yes. You know, I tried to work my way through the Washington sentencing scheme, statutory scheme, and I must admit it's a little bit confusing here and there. But it's quite similar to the sentencing guidelines in the federal system in some respects. In some respects. In some respects. But, you know, when I went back for the third time and the Superior Court provided, completed its judgment, which I believe is excerpts of record page 221, it's the Superior Court of Washington, the King County Superior Court second amended judgment filed on March 16th. 1998. Okay. Right. And it has the calculation. It has a little chart. Right. Okay. And count one, which was the rape count, is given an offender score of 16, a seriousness level of 11, with a standard range of 21 to 280 months and the enhancement for 24 months for the gun. Right. Right? So the total standard range was 234 to 304 months. And the maximum possible term apparently was life. Correct? Let me address that. I think what the court is asking is that is apprendi applicable in this situation. Wait a minute. One second. Okay. Now, then there's count two and count three, which are the burglary and the robbery counts. Right? That's correct. And then the third sentence, what the judge did was to run these sentences consecutively. That's correct. By classifying this particular crime as an exceptional circumstance or exceptional the exceptional criteria. Well, the judge had to do things. That would have been the conclusion, that there were exceptional circumstances justifying the consecutive sentences. The consecutive. But it's still in excess of what the presumptive statutory ceiling would have been. The Supreme Court actually ---- Let me say, I understood that the count one standard range with the enhancement, that the 234 to 304 was the statutory, was the presumptive statutory range. That's correct. Am I right on that? You are correct. The State law requires the sentencing judge to impose a sentence not to exceed that presumptive intermediate range. Right. And that's by statute. That's by statute. Legislative statute. Now, let me ask you this. The standard range back here, the 210 to 280 months. That's correct. I gather if the offender score varies or even within ---- even if you didn't have these extra counts two and count three, you could boost it up to a more serious. You could expand the range as in the cases before the Supreme Court. Actually, I believe that because the judge calculated the offender score at 16, that the range was at its top. At its top. And that is why the judge said ---- And the case before the Supreme Court, the range was not at its top. In terms of the number of points. That's ---- Blakely versus Washington. Blakely. As I recall when I read the petition in Blakely. Hold on here. Now, it's slipping my mind. But ---- I think you are here. The standard range was 49 to 53, and then the judge boosted it up. Correct. By making certain findings. Correct. And that's the issue that the Supreme Court took. That's correct. And it's the same issue that occurred here. How is that, though? Because here, there's no question but the judge applied the standard range. And all the judge did was to run them concurrent ---- to run them consecutively. I think ---- Why is that the same as in Blakely? I don't understand that. I think Apprendi says that it's really not a form over substance analysis. Any way you look at it, because the prior sentence was, in fact, concurrent, a 562-month concurrent sentence. Any way you look at it, this was a sentence that at a minimum exceeded the presumptive guideline range by 21 years. This is a 46-year sentence from a range which should have been 19 to 25 years. Now, what the Court is referring to is Judge Weinberg's report and recommendation where he says because they were consecutive and they were within the ranges, he didn't view that as an Apprendi violation. But, again, I think that elevates form over substance. The law required the judge to run these concurrent. The law required an intermediate range. And this is what the Supreme Court sort of terms it in the Blakely arguments, the intermediate ceiling to be no higher than the 304 months, which was governed by the most serious offense in this case, the rape conviction. The robbery and the burglary convictions had lower guideline ranges. What is your authority for saying this Washington State law required, even in resentencing, the judge to run these sentences concurrently rather than consecutively? Could you give me an answer? Oh, actually, maybe I may have mistaken or misspoken or given you the wrong impression. The issue on the concurrent and consecutive, what happened in the case, and I'm not trying to argue that they had to ---- In a nutshell, you made a mistake when you said that. That's correct.  My concern is that ultimately a concurrent sentence, oddly, would have resulted in a higher sentence than a consecutive sentence. Chita, you know, under the federal guidelines, there's case law that says it's permissive to, although the general practices for concurrent sentences is permissive to run sentences consecutively. Right? That's correct. If you have to do that in order to avoid apprendi, more or less, that's what it says. U.S. v. Kent is one of them, but there's several cases to that effect. Why doesn't that same principle apply here? You're talking about the stacking principles under the guideline? Yeah. Why doesn't that apply here? I think one of the important distinctions for the Court to make, and it came up in, I think, in Blakely, is the differences between the federal guidelines, which are a creature of judicial creation, versus what apprendi was talking about, in which where legislature sets the whatever statutory maximums. And that made all the difference. Apprendi specifically talked about legislation. And so I think that we can't really compare the two. I see my orange light is on. Does the Court want me to continue? Well, I'm not through yet. All right. So just a second. Now, this issue about apprendi was raised in a motion asking us to expand the certificate of appeal. That's correct, Your Honor. Correct? So technically, we haven't granted that motion. No, Your Honor. So until we deal with that motion, you're limited to the issues that were presented in the certificate of appealability. And that seemed to focus on vindictiveness. It actually involves several different components. But the heart of it was natural vindictiveness. It was vindictiveness. Now, is that still your position here? Yes, Your Honor. We still contend that the sentence violated due process in a number of different respects. Well, why was it vindictive, though? Well, you look at the — Isn't the third sentence actually less? I don't think — Well, the argument was that it was less. When you apply good time credit, it's nine months less. Well, it's less than the — Well, you have two more. He has a greater chance at good time credit. So the possibility could be less, but certainly it's not greater. So if a sentence is, you know, possibly less but not greater, how can that be vindictive? Vindictiveness usually is in terms of, well, you know, you come back and you get a stiffer sentence. Classically — Well, it's not actually more. It's not actually more. But I think the important point is when you look at the course of the litigation, the facts in front of the judge in terms of aggravating facts had not changed, yet with each — But she made it very clear at the outset of the first sentence that she was — that she was very clear  by the nature of this offense and his prior record. That's correct. But I think — And that theme is consistent throughout. That may be — Or that concern, not theme, but her concern is consistent throughout. That is absolutely the case. And what you seem to be arguing is that she wasn't going to change her mind no matter what. Well, I think it's more than just not change your mind. There are two things I'd just like to mention, maybe 15 seconds. One is from the first sentencing to the last sentencing, favorable facts appeared, not new aggravating facts. One of the underlying convictions was overturned. So his criminal history was actually more favorable. Despite that, the second sentencing, he gets a higher sentence than the first sentencing. The other thing is that suddenly, although the aggravating factors were all known because it was a trial from the very beginning, we see an increase of new factors coming into the third sentencing. Now, essentially, it's like whatever — There was one new one by the time we get to the third. Well, what happens is that the one that always sticks is the multiple offense. Right. The deliberate cruelty, initially it was raised, but the judge never found it. And suddenly she finds it in the third sentence. The state never raised it in the second sentencing because it looked like the judge was going to reject that. The zone of privacy was found, but then the judge realized that that was probably legal error to do that. And then suddenly sophistication and planning popped up. That's the new one that really pops up.  Thank you, Your Honor. All right. You're way over your time, but I'm going to give you a minute for rebuttal, all right? Thank you. Since we used it up for you. May it please the Court. I am John Sampson, Assistant Attorney General, representing the Respondent. In addressing the Apprendi slash Blakely issue, assuming the Court does grant a certificate of appealability on that issue. That's an interesting issue. It is very interesting, Your Honor. But the case is. Have you filed any opposition to that, you know, request for the expanded COA? Yes, I did, Your Honor. And. Go ahead. The case is different. It is distinct from both Apprendi and Blakely. The first major distinction is Blakely and Apprendi were on direct appeal, direct review. This is habeas corpus. Because the state court decision denying Mr. Burton's claim was based. Was a reasonable application of clearly established federal law at the time the court rendered the decision. He is not entitled to relief, even if the Supreme Court and Blakely rules in favor of the defendant in that case. That case cannot apply to Mr. Burton's case. It is also barred under Teague versus Lane for that very reason. It would be retroactive application of a new rule. In addition, Apprendi. Wait a minute. Teague only applies to procedural rules, doesn't it? Rules of criminal procedure, Your Honor. Yes. Substantive. Wouldn't it be a substantive rule? No, Your Honor. I would submit it would be a procedural procedural rule. But even if it wasn't a procedural rule, even if it was substantive, it would still fell under the 2254 D standard. A lot of these questions are going to be addressed by this court's decision in Summerlin. Yes, Your Honor. But even if those cases could apply to this case, there's still a major distinction. Apprendi and I believe Blakely also talk about facts other than prior convictions which extend a sentence beyond the statutory maximum. Neither of those facts occur in this case. The reason the court imposed the sentence it imposed was based on the facts of its prior convictions. The court ran three standard range sentences consecutively because of the multiple offense policy. When the offender score of 16 exceeded the maximum offender score available by almost double, the court found that Mr. Burton would have essentially been getting free crimes. That is an exceptional sentence based on the facts of his prior convictions. That's what justifies running them consecutively, correct? Exactly, Your Honor. And they are all standard range sentences. So they do not – I was just going to ask you, does that finding affect anything to – have anything to do with the standard range? No. No. And that is the issue in Blakely is a case where the court imposed something above the standard range. So the cases are distinct. They are not the same. The issue in Blakely seems to me really to be what – apparently uses the term, you know, statutory maximum, I guess. But what that means in terms of the Washington Sentencing Reform Act, right? In other words, does that – is that restricted to the standard sentence? Or does the statutory maximum exclude the exceptional sentence? Isn't that the basic question in Blakely? That is, Your Honor. The issue in Blakely is, is the – for example, is the statutory maximum for a first-degree rape, is that life, which is what is the maximum sentence that a court can impose for a crime of rape in the first degree? Or is it the standard range sentence, which in this case would be 304 months? The problem is that there's a statute that says that. That is the issue.  Yes, Your Honor. During the oral argument in Blakely, the justices were asking the sides, would it make a difference if it's a statutory legislative imposed standard range versus what occurs in the federal system where it's under the judicial branch? So there was that discussion during the oral argument. When was that case argued, Blakely? I believe – I'm believing earlier this spring, Your Honor, was the argument date, if I remember. We should have an opinion by – shortly, within the next six weeks or so. I would expect so, Your Honor. As to the actual vindictiveness, there is simply no showing of that, and there is no right to a presumption of vindictiveness. The sentence – the aggregate sentence has remained the same, 562 months. The potential sentence, based on earned time, is actually more favorable because there is more of an opportunity to earn earned time, to earn good time, to obtain early release. There is no showing of actual vindictiveness. In the law of the case, in the State v. Bowler issue, our State issues, the State court said the trial court acted properly in accordance with Washington law. There is no due process violation. We would ask that the court affirm the denial of the petition unless the court has any further questions. What about your – give us a sentence or two on your position on the vindictiveness. On the vindictiveness, there is no issue of vindictiveness. The judge believed that Mr. Burton should not receive a light sentence, but that is not vindictiveness. The only clearly established Federal law that Petitioner can point to is North Carolina v. Peirce, the Texas case, and Alabama v. Smith, and all of those talk about a greater sentence. There is no clearly established U.S. Supreme Court case that talks about a lighter sentence being imposed. No, but as Mr. Citrita says, you would think that if a prior is no longer valid, right, then presumptively he would be entitled to a lesser sentence. But he got the same sentence. He did receive – Vindictive? I would submit no, Your Honor. Not under constitutional law. Not under Supreme Court holdings. It is not vindictive. It may be a tough judge. It may be what some consider to be a law and order judge, but it's not vindictiveness. Vindictiveness is when you're trying to punish someone for successfully appealing. And the Supreme Court in Alabama v. Smith said that is the reason for the vindictiveness rule, not to prevent greater sentences or harsh sentences, but to prevent actual vindictiveness by a judge, and there is no showing in this case. Okay. Thank you. Thank you. You've got a minute for rebuttal. Thank you very much, Your Honor. Just to clarify some matters regarding the argument that the aggravating factor that the judge found on multiple offense was nothing more than a fact of a prior crime, that's incorrect. The fact of the prior crime has simply to do with where you fall on a category, almost like in the guidelines in terms of criminal history points. But the multiple offense policy has nothing to do with the prior offenses. In fact, the multiple offense policy, as the State was arguing, has to do with being charged with multiple offenses and how that affects or interacts with the sentencing guideline and whether or not the court has to make a factual determination as to the sufficiency of the guideline for punishment or whether the court has to make a determination to go above the guideline. So this is not simply a fact of prior crime, i.e., outside the purview of Apprendi. This is also, in our motion for the COA, this is not some – we don't see Blakeley as a new rule. Blakeley is nothing more than an Apprendi claim. There was no new argument. There was no argument to extend, to expand, change the meaning of Apprendi. It is nothing more than an Apprendi claim. There is no Teague bar because Apprendi was decided in 2000. Mr. Burton's direct review was final in 2001. So there's no retroactivity issue. We would also ask leave of the Court to perhaps allow both parties to do further briefing upon the decision in Blakeley. It was argued March of this year. It will be decided this summer in, as the Court said, approximately six weeks. And the final thing on the vindictiveness, and I think one of the real frustrations here, also in connection with our attempt to enlarge the record, is that there really wasn't an evidentiary hearing of any kind ever held in State or Federal courts. And we are talking in terms of vindictiveness not only in terms of the difference of sentencing, but bias, motives. I mean, that's what goes to the heart of vindictiveness. Is the judge motivated improperly? And if that's the case, then a new sentencing should be ordered. Thank you very much, Your Honor. All right. Thank you. We thank both counsel. This case is submitted for decision. The panel will take a brief reset before returning from the balance of the calendar. All rise.
judges: Tashima, Paez, Bea